**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| PAM MILLER, Individually and on and Behalf of Others Similarly Situated<br><br>v.<br><br>THE STEAM GENERATING TEAM, LLC | **Misc. Docket No.**<br><br>Pending in the United States District Court for the Western District of North Carolina No. 3:19-cv-429 |

**PLAINTIFF PAM MILLER'S MOTION TO COMPEL COMPLIANCE**
**WITH THIRD PARTY SUBPOENA – SYSTEM ONE HOLDINGS, LLC**

**A.    SUMMARY.**

Plaintiff Pam Miller ("Miller") moves to compel documents stemming from a subpoena served January 22, 2020 on System One Holdings, LLC ("System One"). The subpoena relates to discovery in an alleged Fair Labor Standards Act collective action currently pending in the Western District of North Carolina, Charlotte Division. *See Miller v. The Steam Generating Team, LLC*, No. 3:19-cv-429 (W.D.N.C. Sept. 3, 2019) ("the underlying matter"). In that case, the Court has Ordered the parties to resolve any discovery disputes in good faith in advance of its March 2020 mediation deadline.[1] *See id.* at ECF 19. However, The Steam Generating Team, LLC ("SGT") claims that System One is in sole possession of the payroll data and timesheets necessary for the parties to mediate in good faith. Thus, SGT did not oppose Miller's subpoena. Miller's subpoena to System One is narrowly tailored to documents and information necessary for the parties to mediate this FLSA collective action in good faith, including documents related to putative class members' claims, including their identities, compensation, hours worked, and underlying contractual agreements between System One and SGT. *See* **Exhibit 1**, Subpoena to System One Holdings, LLC.

---

[1] The Parties' mediation is scheduled for March 27, 2020.

1

System One failed to sufficiently respond to **any** of Miller's requests. *See* **Exhibit 2**, Responses and Objections of System One Holdings, LLC to Plaintiff's Subpoena. Indeed, System One outright refused to produce **any** information related to the putative class members—the core information Miller and SGT need for their upcoming mediation. Therefore, Miller respectfully requests the Court compel production of the documents responsive to the below requests:

### Requests at Issue

**Request No. 1**  The names, dates of employment, and contact information for workers that System One staffed to SGT from September 3, 2016 to the Present.
**Request No. 2**  An excel spreadsheet evidencing the compensation that System One paid the workers identified in its response to Request No. 1.
**Request No. 3**  An excel spreadsheet evidencing the dates and hours worked by the workers identified in System One's response to Request No. 1.
**Request No. 4**  An excel spreadsheet evidencing the locations worked by the workers identified in System One's response to Request No. 1.
**Request No. 5**  Invoices related to work performed by the workers identified in System One's response to Request No. 1.
**Request No. 6**  Master service agreements, work orders, and other documents evidencing the relationship between System One and SGT.
**Request No. 7**  The personnel files for workers identified in System One's response to Request No. 1.

B.   **ARGUMENT AND AUTHORITY.**

1.   **A Motion to Compel is Appropriate When a Non-Party Fails to Cooperate with a Subpoena.**

When a non-party fails to respond or cooperate with a subpoena, a motion to compel and contempt hearing are the available remedies. FED. R. CIV. P. 45(d)(2)(B)(i). Indeed, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." *Id.*

The Third Circuit recognizes that the "the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999); *see also In re Madden*, 151 F.3d 125, 128 (3d Cir. 1998) ("Pretrial discovery is … 'accorded a broad and liberal treatment.'") (citing *Hickman v. Taylor*,

329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); We*stchester Fire Ins. Co. v. Household Int'l. Inc.*, No. 05-1989, 167 Fed. Appx. 895, 899 (3d Cir. 2006) (noting that the Third Circuit "employs a liberal discovery standard"); *accord Mealy v. Ryan Envtl., Inc.*, 2008 WL 596814, at *1 (W.D. Pa. Mar. 4, 2008); *see also* Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d § 2007 ("The rule does allow broad scope to discovery and this has been well recognized by the courts."). "Admissibility as competent evidence is not the hallmark of discoverability; the discovery standard is less stringent—it requires only a reasonable likelihood that the discovered information will bring about the production of relevant evidence." *Neuberger & Scott v. Shapiro*, 196 F.R.D. 286, 287 (E.D. Pa. 2000).

  **2.**  **Venue and jurisdiction for this motion is proper in W.D. Pennsylvania.**

Under Rule 45 governing third-party subpoenas, Miller originally filed this motion in the Western District of Pennsylvania where System One maintains its corporate headquarters. System One's objections to the subpoena did not dispute the propriety of this Court addressing this motion.

  **3.**  **Miller's Subpoena Is Within the Scope of Discovery.**

In the underlying FLSA collection action, SGT contends that, to the extent Miller is an employee covered by the FLSA, System One is her employer. *See* **Exhibit 3**, The Steam Generating Team's Answer at *8, Second Defense; *see also* **Exhibit 4**, The Steam Generating Team's Motion to Extend Time to Conduct Mediation at ¶ 5. As such, SGT suggests a vertical relationship exists here: it contracted with System One, who contracted with Miller. Employment status is not determined in a vacuum, and any attempt to determine SGT's authority over Miller demands an inquiry into the roles and authority of the other entities in the chain of command, both over Miller and over each other.

Nevertheless, rather than serving extensive document requests on the merits of this liability issue (to which Miller would also be entitled), in the interest of reaching an efficient and expeditious resolution of the underlying matter, Miller narrowly tailored her document requests to the identities and damages of putative class members System One staffed to SGT. SGT averred that it is not in

possession of significant documentation regarding Ms. Miller. *See* **Exhibit 5**, SGT's Responses to Plaintiff's Requests for Production at ¶¶ 2, 21. To advance her case, and at the request of SGT, Miller seeks to obtain this third-party discovery directly from System One, requesting pay and time records for the putative class members System One staffed to SGT. This discovery is necessary to investigate the claims of putative class members that System One provided to SGT – it does not concern System One workers outside the scope of the underlying matter.

This is precisely the type of information the Court ordered the parties to exchange prior to mediating in good faith. *See* **Exhibit 6**, Order Granting SGT's Motion to Extend Time to Conduct Mediation (ECF No. 19). Furthermore, if the underlying matter does not resolve, the responses to this subpoena are relevant to conditional certification as well as the merits of Miller and the putative class members' FLSA claims. *See*, *e.g.*, *Boes v. Applied Analysis Corp.*, No. 19-cv-00505, Doc. 30 (E.D. Pa. July 23, 2019) (ordering discovery regarding the number of individuals paid straight time for overtime, pay stubs, payroll records, time sheets, contracts, and offer letters regardless of operator or managed service provider); *Kolasa v. BOS Solutions, Inc.*, No. 17-cv-1087, 2018 WL 4047120, at *1 (W.D. Pa. Mar. 8, 2018) (ordering the employer to produce the contact information, payroll reports, and master service agreements with any third-party providers relating to all putative class members prior to conditional certification); *Larsen v. Edgemarc Energy Holdings, LLC*, No. 2:18-cv-01221, Doc. 17 (W.D. Pa. Nov. 8, 2018).

And there can be no doubt System One is well aware of this discovery's relevance because this Court previously ordered it to produce this exact information in preparation for mediation in a similar FLSA collective action. *See Hobbs v. System One Holdings, LLC*, No. 2:18-cv-00181-CRE, Doc. 60 (W.D. Pa. Feb. 5, 2019). Indeed, this is far from the first time that System One has unsuccessfully refused to produce class data in response to a third-party subpoena in preparation for mediation. *See*, *e.g.*, *Hall v. Dominion Energy, Inc.*, No. 318-cv-321, Doc. 78 (E.D. Va. Apr. 26, 2019). Just last year System One

tried these same obstructionist tactics (even lodging the same objections), which the Eastern District of Virginia unambiguously rejected. *Id.* (ordering System One to respond to plaintiff's subpoena and produce class data within 5 days). This Court should do the same.

### 4. The Court Should Compel System One to Produce the Necessary Class Data.

In the underlying matter, the Court Ordered Miller and SGT to mediate and provide a status report to the Court by March 31, 2020. *See* Ex. 6. But the parties cannot mediate in good faith without the class data which only System One possesses. The subpoena to System One sought only this relevant and necessary data. It is narrowly tailored to a subset of System One worker—the employees it staffed to SGT paid straight time for overtime.

There is, clearly, some tension between SGT and System One on these matters. SGT alleged System One retained control, namely supervision, over Miller, and those similarly situated. However, System One failed to produce a single document regarding putative class members, and any purported tension is no excuse. Importantly, System One does not deny it possesses the requested documents, *see* Ex. 2, it just refuses to produce them. In response to the subpoena, System One only produced documents related to Miller, and did not produce **any** documents with respect to putative class members. This is simply not enough to determine the necessary information to evaluate the putative class members' damages.

These requests are relevant and proportional to the needs of the underlying FLSA action. It is clear that, under the FLSA and Pennsylvania authority, "[i]t is the duty of the employer to keep proper records of wages and hours worked, and when the employer has kept proper and accurate records, the employee may easily satisfy her burden of proof by securing those records through discovery." *Bettger v. Crossmark, Inc.*, 2014 WL 2738536, at *8 (M.D. Pa. June 17, 2014), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Sandifer v. U.S. Steel Corp*, 134 S.Ct. 870 (2014); *see also* 29 U.S.C. § 211(c) ("[e]very employer … shall make, keep, and

preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices maintained by him"); *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-CA-0231-XR, 2010 WL 2756800, at *3 (W.D. Tex. July 13, 2010). Request Nos. 1, 2, 3, and 5 pertain directly to the hours worked and compensation of putative class members. The parties can simply not proceed without this **basic** FLSA discovery.

Request Nos. 6 and 7 are also relevant and proportional to the needs of the case. These requests seek information related to the hiring process. Miller seeks documents reflecting System One's process for filling positions for its work for SGT. These provide evidence of control and employer status under the economic realities test—a central dispute in this FLSA collective action. Specifically, Miller seeks information related to the hiring process and internal human-resources documentation that were kept on employees, consultants, or temporary workers, including personnel files. At this time, System One has not produced any information related to the hiring process. This information is critical to the determination of whether SGT controlled Miller and these workers and will show the extent of and authority for hiring and firing workers on this project. There can be no doubt such information is relevant and proportional to this FLSA collective action.

5. **The Court Should Strike System One's Unsubstantiated, Boilerplate Objections.**

System One has objected to these requests as overly broad, unduly burdensome, not relevant to the claims or defenses of the underlying matter, and not proportional to the needs of the case. Ex. 2. "[S]imply objecting to requests as 'overly broad, burdensome, oppressive and irrelevant,' without showing 'specifically how each [request] is not relevant or how each question is overly broad, burdensome, or oppressive,' is inadequate to 'voice a successful objection.'" *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 560 (W.D. Pa. 2018) (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014)). "[T]he use of boilerplate objections is a disfavored practice and boilerplate objections should not be used for the purposes of delaying responses to legitimate requests while evaluating a potential

privilege or to forestall the filing of a motion to compel by the opposing party." *Fuhs v. McLachlan Drilling Co.*, No. 16-376, 2018 WL 5312760, at *22 (W.D. Pa. Oct. 26, 2018).

Miller's requests for documents regarding workers that SGT sourced to System One are necessarily limited in scope by the specificity of the proposed class in the underlying matter and thus fall well within the "broad scope of discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999). Further, System One's baseless claims that producing the requested discovery would be unduly burdensome are simply histrionic. This information sought is easy to both access and produce. For example, if System One has even the most basic payroll software, it would be printable in less than 10 clicks. *See* https://quickbooks.intuit.com/learn-support/en-us/payroll-information/print-payroll-reports/00/370826. The Court should reject System One's theatrics and obstructionist tactics and strike System One's boilerplate objections.[2]

**C.    CONCLUSION.**

Miller requests the Court grant its motion, order System One to fully respond to the Subpoena requests specified above, and grant Miller all other just relief.

**Dated: February 17, 2020**

---

[2] Moreover, Miller cannot tell whether or what System One is withholding related to the requests because it failed to provide any kind of withholding statement or privilege log. Again, this alone should be enough to strike System One's objections.

Respectfully submitted,

*/s/ Andrew W. Dunlap*
   **Andrew W. Dunlap**
   Texas State Bar No. 24078444
   **Taylor A. Jones\***
   Texas State Bar No. 24107823
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
tjones@mybackwages.com
*\*Motions for Pro Hac Admission Granted*

**AND**

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**AND**

**Christopher Strianese**, NC Bar No. 46918
**Tamara Huckert**, NC Bar No. 35348
**STRIANESE HUCKERT LLP**
3501 Monroe Rd.
Charlotte, NC 28205
Tel: 704-966-2101
chris@strilaw.com
tamara@strilaw.com

**ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      This is to certify that on February 17, 2020 a true and correct copy of the foregoing document has been served on all counsel of record via the Electronic Case Filing system. Undersigned Counsel also served a true and correct copy of the foregoing document on all counsel of record as follows:

System One Holding, LLC
c/o Kurt A. Miller
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
kmiller@clarkhill.com

Steam Generating Team, LLC
c/o Joshua R. Adams
John W. Sulau
Chase T. Samples
William Stukenberg
Jackson Lewis
joshua.adams@jacksonlewis.com
john.sulau@jacksonlewis.com
chase.samples@jacksonlewis.com
william.stukenberg@jacksonlewis.com

                                                  */s/ Andrew W. Dunlap*
                                                **Andrew W. Dunlap**