IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAM MILLER, Individually and on Behalf of ) 
Others Similarly Situated, )
         Plaintiff, )
        vs. )
THE STEAM GENERATING TEAM, LLC, )
        Defendants. )

2:20-mc-00234-RJC

**RESPONSE OF SYSTEM ONE HOLDINGS, LLC, TO PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

I.   Introduction.

    System One Holdings, LLC ("System One") is a Pittsburgh-based temporary staffing company. (Fenske Decl., ¶ 4). On January 22, 2020, Plaintiff, Pam Miller, served System One with a third-party subpoena ("Subpoena") in a lawsuit that is pending in the United States District Court for the Western District of North Carolina. System One responded to the Subpoena on February 4, 2020. In its response, System One asserted objections to the Subpoena, and produced 198 pages of documents in response to the portions of the Subpoena to which System One did not object.

    On February 17, 2020, Plaintiff filed her present Motion to Compel Compliance with Third Party Subpoena ("Motion"). (Doc. No. 1). Plaintiff's Motion appears to be based on a form motion that Plaintiff's law firm – a wage-hour class action law firm based in Texas – files whenever a third party objects to one of the firm's subpoenas. The Motion does not even address System One's principal objections to the Subpoena, including that the System One employees with respect to whom Plaintiff has subpoenaed documents are not situated similarly to Plaintiff because she was not an employee of System One's, and that those System One employees all have arbitration agreements that preclude them from participating in class or collective actions. Plaintiff's Motion also misrepresents certain aspects of the proceedings in North Carolina that Plaintiff contends support enforcement of the Subpoena. Plaintiff has failed to meet the significant burden of establishing her entitlement to enforcement of an intrusive document subpoena against a non-party to the underlying litigation.

II.     Statement of Relevant Facts.

Plaintiff is the owner of or a principal in a company called WMS, LLC ("WMS").  (Fenske

Decl., ¶ 5).  On June 1, 2016, WMS entered into an Independent Contractor Agreement with System

One, pursuant to which WMS agreed to provide services to System One's client.  (Fenske Decl., ¶ 6;

Ex. 2).  WMS, through Plaintiff, provided services as a scheduler to the System One client, The Steam

Generating Team, LLC ("SGT"), from June 2016 to April 2017.  (Fenske Decl., ¶ 7).

During the time when WMS provided independent contractor services to SGT, System One had

employees who were assigned to work at SGT locations.  (Fenske Decl., ¶ 8).  All of those employees

have individual arbitration agreements with System One.  (Fenske Decl., ¶ 9).  The arbitration

agreements require System One and the employees to submit all employment-related disputes to

individual arbitration, and preclude the employees from participating in class or collective actions.

(Fenske Decl., ¶ 9; Ex. 3).

On September 3, 2019, Plaintiff filed an action in the United States District Court for

the Western District of North Carolina.  The action is captioned <u>Pam Miller, Individually and

on Behalf of Others Similarly Situated v. The Steam Generating Team, LLC</u>, Civil Action No. 3:19-

cv-429 (W.D. N.C.).  In the action, Plaintiff contends that the Defendant, STG, employed her as an

hourly employee from June 2016 until April 2017, and that SGT has violated the Fair Labor Standards

Act, 29 U.S.C. § 201 <u>et seq</u>. ("FLSA"), by not paying her overtime pay for the hours that she worked

in excess of 40 per workweek.  She has asserted a single claim for violation of the FLSA, and she

purports to be pursuing that claim as an FLSA collective action on behalf of herself and other

similarly-situated individuals.

Pursuant to the Local Rules of the United States District Court for the Western District of North

Carolina, parties to civil lawsuits pending in that Court are required to submit the lawsuits to a form of

alternative dispute resolution.  (W.D.N.C. LCvR 16.2, 16.3).  By Order dated November 14, 2019, the

2223348203 v1

Court initially set a deadline of December 31, 2019, for completion of mediation. (Civil Action No. 3:19-cv-429, Doc. No. 14).

On December 23, 2019, SGT filed a Motion to Extend Time to Conduct Mediation. (Civil Action No. 3:19-cv-429, Doc. No. 17). Plaintiff opposed that motion and, on January 6, 2020, filed a response in opposition. (Civil Action No. 3:19-cv-429, Doc. No. 18). As of the time of Plaintiff's opposition to an extension of the December 31, 2019 deadline for mediation, Plaintiff had not sought discovery from System One.

By Order dated January 6, 2020, the Court granted SGT's Motion to Extend Time to Conduct Mediation, and extended the mediation deadline to March 31, 2020. (Civil Action No. 3:19-cv-429, Doc. No. 19). Plaintiff and SGT have scheduled a mediation for March 23, 2020, in Houston, Texas. (Civil Action No. 3:19-cv-429, Doc. No. 20).

To date, Plaintiff has not moved for even conditional certification of an FLSA collective, and no FLSA collective has been certified.

III. Argument.

A. Plaintiff has misrepresented aspects of the underlying action that Plaintiff contends support enforcement of the Subpoena.

In Plaintiff's Motion, Plaintiff suggests that Plaintiff and SGT agree that the documents that Plaintiff has subpoenaed from System One are needed for purposes of the March 23, 2020 mediation. Specifically, Plaintiff asserts, "The Steam Generating Team ("SGT") claims that System One is in sole possession of the payroll data and timesheets necessary for the parties to mediate in good faith. Thus SGT did not oppose Miller's subpoena." (Motion, p. 1). Contrary to Plaintiff's assertion, however, SGT does not appear to believe that the information that Plaintiff has subpoenaed from System One is necessary for purposes of the mediation. SGT itself has objected to discovery requests that Plaintiff directed to SGT for the same types of employee information that Plaintiff has subpoenaed from System One. In response to requests for production of documents that Plaintiff directed to SGT seeking this information, SGT has stated, in relevant part, "Defendant objects to this

3

Request to the extent it seeks information regarding individuals other than Miller on the grounds that the Court has not yet certified this matter as a collective action, and as such, information regarding individuals other than Miller is not relevant to the claims or defenses in this case, is overbroad, and is not proportional to the needs of this case." (Doc. No. 1-6). SGT's non-opposition to the Subpoena was not because it had changed its mind and had decided that the subpoenaed information was now relevant, but instead was because the Subpoena was not directed to SGT and because System One had informed SGT that System One would be opposing the Subpoena.

Plaintiff contends that SGT has requested that Plaintiff obtain third-party discovery from System One. (Motion, p. 4). Plaintiff provides no evidentiary support for Plaintiff's contention, and the contention is diametrically opposed to the position that SGT has taken in its discovery responses regarding pre-certification discovery of employee information. (Doc. No. 1-6).

Plaintiff further asserts that the information that Plaintiff has subpoenaed from System One "is precisely the type of information the Court ordered the parties to exchange prior to mediating in good faith. (Motion, p. 4). This is perhaps the most egregious of the misrepresentations that Plaintiff has made in her Motion. The court in the underlying lawsuit has not ordered the parties to exchange information on System One employees, and the court order that Plaintiff cites in her Motion did not order the parties to do so. In her Response in Opposition to Defendant's Motion to Extend Time to Conduct Mediation, Plaintiff advised the Court that SGT had objected to requests for information on the putative class members (i.e. – employees), and Plaintiff asserted that "[t]his class data is necessary for mediation." (Civil Action No. 3:19-cv-429, Doc. No. 18, ¶ 19). In granting SGT's Motion to Extend Time to Conduct Mediation, the Court stated, "To the extent Plaintiff's response seeks to compel discovery production, such request is inappropriate in response to a motion." (Civil Action No. 3:19-cv-429, Doc. No. 19).

Thus, far from ordering the parties to exchange the employee information that Plaintiff has subpoenaed from System One, the Court advised Plaintiff, in the Court's Order, that Plaintiff could

4

not, in response to a motion, seek to compel SGT to produce the employee information. Since January 6, 2020 when the Court issued its Order granting SGT's Motion to Extend Time to Conduct Mediation, Plaintiff has not moved to compel SGT to produce the employee information that Plaintiff has subpoenaed from System One.

B. Plaintiff's Motion ignores System One's specific principal objections to the Subpoena.

In System One's Responses and Objections to Subpoena, System One asserted, explained, and provided case authority for its principal objections to the Subpoena. Plaintiff, in her Motion, addresses generally System One's general objections to the Subpoena, based on overbreadth, burdensomeness, and relevance, but she completely ignores the specific and principal objections that System One has asserted. (Motion, pp. 6-7). She does not address the objection that Plaintiff was employed by WMS, a System One contractor, and that she therefore is not situated similarly to the System One employees about whom she has subpoenaed information. She ignores the objection that the System One employees have individual arbitration agreements that preclude them from participating in an FLSA collective action. She cites a case, Larsen v. Edgemarc Energy Holdings, LLC, No. 2:18-cv-01221 (W.D. Pa. Nov. 18, 2018), in which the court allowed pre-certification discovery as to a putative class, but the named plaintiff and the putative class members in that case were all employees and those employees did not have individual arbitration agreements with the defendant-employer. Aside from citing the Larsen case, Plaintiff does not address the issue of a named plaintiff's entitlement to pre-certification discovery regarding putative class members.

No logical reason exists for Plaintiff's failure to address System One's specific principal objections, other than that Plaintiff understands that System One's objections are valid and Plaintiff has no persuasive argument to rebut those objections.

C. Plaintiff's demand for information on putative FLSA collective action members is not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff's company, WMS, LLC, was an independent contractor to System One, the putative class members are employees of System One's, and Plaintiff therefore is not situated similarly to the putative class members.

Under the FLSA, a named plaintiff may pursue FLSA claims on behalf of putative FLSA collective members only if the plaintiff is situated similarly to those collective members.  29 U.S.C. § 216(b); Karlo v. Pittsburgh Glass Works, LLC, 849 F.3d 61, 85-86 (3d Cir. 2017); Holland v. Fulenwider Enterprises, Inc., 2018 WL 700801, at *2 (W.D.N.C. Feb. 2, 2018).

Here, Plaintiff is the owner of or a principal in a Texas-based business called WMS, LLS, and WMS is a party to an independent contactor agreement with System One.  (Fenske Decl., ¶ 5). Plaintiff, through WMS, provided services to System One as an owner of or principal in WMS, and not as an employee of System One's.  (Fenske Decl., ¶¶ 5-7).

The individuals whom Plaintiff seeks to join in her proposed FLSA collective are all System One employees.  (Fenske Decl., ¶¶ 8-9).  Because Plaintiff is the owner of or a principal in a contractor to System One, and is not a System One employee, she is not situated similarly to the putative class members about whom Plaintiff has subpoenaed information.  That information therefore is not reasonably calculated to lead to the discovery of admissible evidence in this case.

D.  Even if Plaintiff, as the owner of or a principal in WMS, were situated similarly to System One employees, the information that Plaintiff has subpoenaed is not reasonably calculated to lead to the discovery of admissible evidence because System One's employees all have arbitration agreements that preclude them from participating in collective or class actions, including Plaintiff's proposed FLSA collective action.

All of the System One employees with respect to whom Plaintiff has subpoenaed information from System One have individual arbitration agreements with System One.  (Fenske Decl., ¶¶ 8-9). The arbitration agreements provide, in relevant part, "Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding to the maximum extent  permitted by applicable law."  (Fenske Decl., ¶ 9; Ex. 3, § 4.2). The agreement states that "System One's client(s) is an intended beneficiary" of the agreement to arbitrate.  (Fenske Decl., ¶ 9; Ex. 3, § 4.2). The Supreme Court of the United States, in Lamps Plus, Inc. v. Varela, 139 S.Ct. 1407 (2019), held, in

223348203 v1

April 2019, that individual arbitration agreements between an employer and an employee preclude the

employee from participating in class or collective actions.

Because the System One employees for whom Plaintiff has subpoenaed information have

individual arbitration agreements that preclude them from participating in the underlying lawsuit, the

information that Plaintiff has subpoenaed is not reasonably calculated to lead to the discovery of

admissible evidence.

E. Even if Plaintiff had been employed by System One and even if System One employees did not have individual arbitration agreements, Plaintiff's efforts to take pre-certification discovery would be premature absent at least conditional certification of a putative FLSA collective.

To pursue an FLSA claim as an FLSA collective action, a named plaintiff must obtain judicial

certification of the proposed FLSA collective. The process of FLSA certification typically is a two-

step process. First, the named plaintiff obtains conditional certification, by establishing that the

named plaintiff is similarly situated to the putative class members. Karlo, 849 F.3d at 85. If the court

conditionally certifies a proposed FLSA collective, notice of the lawsuit is then sent to the putative

members of the FLSA collective. Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 224

(3d Cir. 2016). The notice gives the putative members a specified period of time, typically 60-90

days, within which to opt into the lawsuit.

The FLSA is an opt-in, rather than an opt-out, statute. Halle, 842 F.3d at 224. Accordingly,

putative class members who fail to opt in during the notice phase of the lawsuit do not become

plaintiffs in the lawsuit, and are free to pursue their individual FLSA actions or not to pursue any

FLSA claims. Id.

After the notice and opt-in phase of the lawsuit, and typically at the close of discovery, a

defendant that is seeking to decertify a conditionally-certified class may move for decertification.

Halle, 842 F.3d at 224. If that motion is granted, the conditionally-certified FLSA collective is

decertified, and the named plaintiff may proceed individually with that plaintiff's FLSA claims. Id.

If the court denies the defendant's motion to decertify, the case proceeds as an FLSA collective action, with the named plaintiff and the opt-in plaintiffs being the plaintiffs in the action. Id.

A plaintiff may move for conditional certification at any time during the course of a lawsuit. In the present situation, despite the fact that Plaintiff filed her lawsuit almost six months ago, Plaintiff has not moved for conditional certification. As a result, the putative FLSA collective members are not currently plaintiffs in the lawsuit and, because Plaintiff is not situated similarly to System One employees and because those employees have individual arbitration agreements, those employees almost certainly will never become parties to the case.

Because System One's employees are not currently parties to the underlying case and are unlikely to become parties to the case, discovery of the names, addresses, phone numbers, email addresses, payroll, hours, personnel files, and other information regarding the putative class members is not currently reasonably likely to lead to the discovery of admissible evidence, and is unlikely to ever become reasonably likely to lead to the discovery of admissible evidence. If Plaintiff should someday move for conditional certification and if the Court for some reason should grant conditional certification, Plaintiff will be able to conduct discovery with regard to the putative class members at that time.

Even in many cases in which the named plaintiff has sought pre-certification discovery regarding putative class members from the defendant (as opposed to a third-party), and in which the putative class members were similarly situated and did not have individual arbitration agreements, courts have denied pre-certification discovery concerning the putative class. See, e.g., Pontones v. San Jose Rest. Inc., 2019 WL 1548897, at *3 (E.D.N.C. Apr. 9, 2019) ("Accordingly, it is not apparent how the information Plaintiff seeks in Interrogatory No. 3 [i.e., identification of all putative plaintiffs/class members or current and/or former employees who performed work for the defendants] is necessary to the conditional certification motion, and the motion to compel as to this request is denied as premature."); Levine v. Gunther Motor Co. of Plantation, Inc., 2010 WL 5140590, at *3

(S.D. Fla. 9 Dec. 2010) (denying pre-certification contact information as premature and holding that "until such time as a collective action may be conditionally certified, the Court will not require Defendants to respond"); Charles v. Nationwide Mut. Ins. Co., Inc., 2010 WL 7132173, at *7 (E.D.N.Y. 27 May 2010) (denying to compel production of putative class members contact information in FLSA case pre-certification, noting that "such an extensive inquiry is unnecessary at this stage in the litigation," particularly in light of fairly lenient burden for certification). The Larsen case, as noted, involved a similarly-situated plaintiff and also involved putative FLSA collective members who did not have individual arbitration agreements.

Plaintiff argues that she and SGT need the subpoenaed information for purposes of a mediation that is scheduled in this case for March 23, 2020, and it is clear why Plaintiff wants that information. Plaintiff has not moved for even conditional certification because she knows that it is extremely unlikely that the Court in the underlying action will certify an FLSA collective of non-similarly-situated individuals who have individual arbitration agreements. Plaintiff, however, wants the pre-certification discovery regarding the putative FLSA collective members, including wage and hour information, so that she can proceed to mediation with the intention of negotiating a collective action settlement which, not coincidentally, would be far more lucrative to Plaintiff's law firm than would settlement of an individual plaintiff action. Plaintiff is attempting to put the proverbial cart (collective mediation) before the horse (conditional certification), because Plaintiff knows that the horse is lame (conditional certification is extremely unlikely to be granted by the Court in this case).

Contrary to Plaintiff's plea that she needs the subpoenaed information for purposes of a collective action mediation, she is currently the only plaintiff in this case. The Court in North Carolina has not ordered that that March 23 mediation proceed on a collective basis. SGT stated, in its motion to Extend Time to Conduct Mediation in the North Carolina proceedings, that "A 'class wide' mediation is also premature given a lack of certification in this matter" (SGT's Motion to Extend, Section 7(c)), and System One understands that SGT intends to proceed with the mediation

only with regard to Plaintiff.  There, in fact, is no reason for SGT to proceed with the mediation on a collective action basis, given the unlikelihood that an FLSA collective will ever be certified. Accordingly, there is no need for the subpoenaed information for purposes of the March 23 mediation. Presumably, if Plaintiff ever successfully moves for certification of the FLSA collective, and after the completion of the notice and discovery period in this case, the Court would schedule a further mediation to mediate the collective action claims.

F.   Plaintiff's contention that two other courts have enforced subpoenas against System One under circumstances similar to those of this case is, again, a misrepresentation by Plaintiff.

At pages 4 and 5 of her Motion, Plaintiff cites two cases in which courts allegedly ordered System One to produce "this exact information," under circumstances similar to those of the present case.  Those cases are Hobbs v. System One Holdings, LLC, 2:18-cv-00181-CRE (W.D. Pa.) and Hall v. Dominion Energy, Inc., Case No. 3:18-cv-321 (E.D. Va.).  In both of those cases, the named plaintiffs, unlike the present Plaintiff, were both System One employees; the parties in both cases, unlike SGT in the present case, had agreed to pre-certification FLSA collective mediation; and the information that was produced in response to the subpoena was a much narrower category of information than Plaintiff has subpoenaed in this case.

IV.   Conclusion.

For the foregoing reasons, Plaintiff's Motion to Compel Compliance with Third Party Subpoena should be denied.

Dated: February 28, 2020

Respectfully submitted,

/s/ Kurt A. Miller
Kurt A. Miller / Pa. I.D. No. 37850
Andrew J. Ruxton / Pa. I.D. No. 322818
Amy H. McCrossen / Pa. I.D. No. 327676
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
Telephone:  412/394-2363
Fax:  412/394-2555
*Attorneys for System One Holdings, LLC*

223348203 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2020, the **RESPONSE OF SYSTEM ONE HOLDINGS, LLC, TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA** was served via electronic mail on the following persons:

Taylor Jones
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046
tjones@mybackwages.com

/s/ Kurt A. Miller
Kurt A. Miller

223348203.v1