IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAM MILLER, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE STEAM GENERATING TEAM, LLC,<br><br>Defendants. | 2:20-mc-00234-RJC |

**RESPONSE OF SYSTEM ONE HOLDINGS, LLC, TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 5, 2020 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA**

I.   Procedural History.

System One Holdings, LLC ("System One") is a Pittsburgh-based temporary staffing company. On January 22, 2020, Plaintiff, Pam Miller ("Plaintiff"), served System One with a third-party subpoena ("Subpoena") in a lawsuit that is pending in the United States District Court for the Western District of North Carolina captioned *Pam Miller, Individually and on Behalf of Others Similarly Situated v. The Steam Generating Team, LLC*, Civil Action No. 3:19-cv-429 (W.D. N.C.). System One responded to the Subpoena on February 4, 2020. *See* Doc. No. 1-3. In its response, System One asserted objections to the Subpoena, and produced 198 pages of documents in response to the portions of the Subpoena to which System One did not object.

On February 17, 2020, Plaintiff filed a Motion to Compel Compliance with Third Party Subpoena ("Motion to Compel"). *See* Doc. No. 1.

On February 28, 2020, System One filed its Response to Plaintiff's Motion to Compel arguing that, *inter alia*, 1.) Plaintiff misrepresented aspects of the underlying North Carolina action; 2.) Plaintiff's Motion to Compel ignored System One's specific principal objections; 3.) Plaintiff's demand for information on putative FLSA collection action members is not

reasonably calculated to lead to the discovery of admissible evidence because Plaintiff, an independent contractor of System One, is not similarly situated to putative class members who are employees of System One; 4.) even if Plaintiff was similarly situated, the subpoenaed information is not reasonably calculated to lead to the discovery of admissible evidence because System One's employees all have arbitration agreements that preclude them from participating in Plaintiff's proposed FLSA collective action; and 5.) even if Plaintiff had been employed by System One and even if System One employees did not have individual arbitration agreements, Plaintiff's efforts to take pre-certification discovery would be premature absent at least a conditional certification of a putative FLSA collective.  *See* Doc. No. 6.

On March 5, 2020, the Court issued an Order denying Plaintiff's Motion to Compel without prejudice.  *See* Doc. No. 7.  Significantly, the Court agreed with System One that Plaintiff's Motion to Compel was premature because Plaintiff had not moved to conditionally certify a class in the underlying action in North Carolina, stating:

> The Court finds that an upcoming mediation and an interest in early resolution of the case do not justify ordering a nonparty, at its own cost, to supply documents relevant only to potential future class members where Plaintiff, the only current class member, has yet to file a motion for conditional certification in the underlying action. Plaintiff's request for production is, at this juncture, simply premature, and thus not proportional to the needs of the case.

On March 9, 2020, Plaintiff filed the present Motion for Reconsideration ("Motion for Reconsideration") and a Memorandum of Law in Support ("Brief in Support").  *See* Doc. Nos. 8, 9.  On March 30, 2020, the Court ordered that System One file a Response to Plaintiff's Motion for Reconsideration by April 6, 2020 at 12:00PM.  *See* Doc. No. 10[1].

---

[1] The Court's Order also stated that Plaintiff "shall serve a copy of this Order on System One Holdings, LLC and file a return of service by **April 1, 2020**." (emphasis in the original).  Plaintiff has not complied with the Court's deadline to file a return of service.  Further, notwithstanding the representations contained in certificates of service

2

II.     Statement of Relevant Facts.

System One incorporates by reference the Statement of Relevant Facts set forth its Response to Plaintiff's Motion to Compel (Doc. No. 6), as the same set of facts is applicable to the Court's consideration of Plaintiff's Motion for Reconsideration.

As was true when System One filed its Response to Plaintiff's Motion to Compel, Plaintiff has not moved for even conditional certification of an FLSA collective and no FLSA collective has been certified.

III.    Standard of Review.

A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *McClendon v. Dougherty*, 2011 WL 4345901, at *1 (W.D. Pa. Sept. 15, 2011) (Fischer, J.) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. "In the absence of one of these three grounds, it is improper for a party moving for reconsideration 'to ask the Court to rethink what it has already thought through-rightly or wrongly.'" *Health Robotics, LLC v. Bennett*, 2009 WL 10687717, at *2 (E.D. Pa. Oct. 13, 2009). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Am. Nat'l Prop. & Cas. Co. v. Felix*, 399 F. Supp. 3d 324, 339 (W.D. Pa. 2019) (Gibson, J.).

"Reconsideration is an extraordinary remedy to be granted sparingly. A motion for reconsideration is not to be used to reargue matters previously raised and disposed of or to

---

that System One was served with Plaintiff's Motion for Reconsideration and Brief in Support on March 9, 2020, Plaintiff did not provide System One with a copy of these documents until March 30, 2020.

3

relitigate a matter with which the litigant disagrees. Nor may a reconsideration motion be made to raise new arguments or present evidence that could have originally been presented." *In re Jager*, 597 B.R. 796, 806 (Bankr. W.D. Pa. 2019) (Deller, J.) (internal citations omitted)[2]. Thus, it is not proper to ask for reconsideration to seek a "second bite at the apple." *Reynolds v. Slippery Rock Univ. of Pa.*, 2019 WL 8128548, at *1 (W.D. Pa. Nov. 26, 2019) (Fischer, J.).

IV. <u>Argument</u>.

    i. *<u>Plaintiff has not shown one of the three bases which justify reconsideration</u>*.

Plaintiff has not met her burden of demonstrating that she is entitled to reconsideration of the Court's March 5, 2020 Order, even under the standard which Plaintiff has articulated. *See* Doc. No. 9, p 4; *McClendon*, 2011 WL 4345901, at *1 (discussing the three circumstances under which a court may grant a motion for reconsideration); *Max's Seafood Café*, 176 F.3d at 677 (same).

First, Plaintiff has not alleged the availability of new evidence which was not available when the Court issued the March 5 Order.

Second, Plaintiff has not identified an intervening change in the controlling law. In her Motion for Reconsideration, Plaintiff does reference an Order that was issued two days prior to this Court's March 5 Order (Doc. No. 9-1; the "Heaster Order"). However, Plaintiff does ***not*** allege that the Heaster Order, or anything else, constitute ***<u>an intervening change</u>*** in the controlling law. Regardless, the Heaster Order is an unsuitable analog to the present matter. That is, as Plaintiff highlighted in her Brief in Support, the Heaster Order found that the "five

---

[2] *See Foster v. Westchester Fire Ins. Co.*, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012) (Conti, J.) ("A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Litigants are cautioned to 'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.' Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment.") (internal citations omitted).

4

requests for production of documents at issue are clearly relevant to the underlying claims […] and necessary for the mediation previously ordered by this Court." *See* Doc. No. 9-1.  However, this conclusion was clearly resultant from the Court's case management order and explicit instruction in a Hearing Memo, both of which were docketed prior to the Heaster Order, contemplating the exchange information related to the putative class. *See* Doc. No. 9-2, pp. 8-13.

Finally, Plaintiff has failed to show any need to correct a clear error of law or fact or to prevent a manifest injustice resulting from the Court's March 5 Order.  While not explicitly stated as the basis for her Motion for Reconsideration, it is assumed that Plaintiff's Brief in Support relies on this rationale.  However, Plaintiff has not even attempted to argue that an error of law, fact, or manifest injustice justifies reconsideration.

What Plaintiff is really asking the Court is for another opportunity to achieve the result she desires because the Court's well-founded March 5 Order was not advantageous for leveraging a more substantial settlement at the mediation scheduled in the underlying North Carolina action.  Plaintiff is questioning the judgment of the Court without plausibly setting forth a rationale that would warrant reconsideration, and merely supplements arguments she has already made and raises arguments she failed to previously make in hope of a different outcome.

    ii.    <u>*Plaintiff's arguments for reconsideration were previously raised, could have previously been raised, or are not relevant to the Court's analysis to determine if reconsideration is warranted*</u>.

Rather than trying to argue that an error of law, fact, or manifest injustice justifies reconsideration, Plaintiff instead put forth a lengthier, more thoroughly cited argument why her Motion to Compel should have been granted.  This is not the proper function of a motion for reconsideration.  *See In re Jager*, 597 B.R. at 806 ("A motion for reconsideration is not to be used to reargue matters previously raised and disposed of or to relitigate a matter with which the

litigant disagrees. Nor may a reconsideration motion be made to raise new arguments or present evidence that could have originally been presented."); *Reynolds*, 2019 WL 8128548, at *1 (denying reconsideration because "Plaintiff has not even attempted to meet the standard for reconsideration, i.e., show an intervening change in the controlling law, the availability of new evidence which was not available when the court issued its order, or the need to correct a clear error of law or fact or to prevent a manifest injustice. [citation omitted] Instead, she is simply seeks a 'second bite at the apple' by asserting an argument that she could have made previously."); *Foster*, 2012 WL 2402895, at *6-7 (denying reconsideration, stating: "a motion for reconsideration is not properly grounded as a request that the court rethink a decision it has already made[;]" "the court's consideration of the evidence is not susceptible to second-guessing on a motion for reconsideration.").

Plaintiff cites certain case law to bolster her contentions. However, she presents no authority to suggest that the March 5 Order constituted or contained an error of law, fact, or manifest injustice. Just because this Court, and others outside of the Western District, when analyzing unique fact patterns have concluded one way does not mean that this Court cannot presently apply the specific facts before it to render an order. As District Judge Conti stated: "Such second-guessing is not a proper basis for a motion to reconsider. In the absence of clear, mandatory authority on the issue, and because the court finds support for its conclusion in other decisions within the Third Circuit […] the court will not reconsider its earlier decision, which it already made (rightly or wrongly)." *Foster*, 2012 WL 2402895, at *6. *See also Health Robotics, LLC*, 2009 WL 10687717, at *2 ("In the absence of one of these three grounds, it is improper for a party moving for reconsideration 'to ask the Court to rethink what it has already thought through-rightly or wrongly.'").

6

In her Motion for Reconsideration and Brief in Support, Plaintiff has not put forth any arguments that fall outside of the following two categories: 1.) arguments that were previously raised or could have previously been raised; and 2.) arguments that are not relevant to this Court's analysis of the Motion for Reconsideration.

The first argument included in Plaintiff's Brief in Support Argument, "Discovery of class data is generally appropriate pre-certification," clearly falls within the category of arguments that were, or could have been, previously raised. *See* Doc. No. 9, pp. 4-8. Plaintiff fails to even contend reconsideration is justified under the standard she purports governs the present motion. *See* Doc. No. 9, pp. 6 (instead of asserting an error of law, fact, or manifest injustice, Plaintiff argues that the "information sought is relevant and regularly allowed (and likely utilized) by courts in this Circuit to weigh conditional certification"). Plaintiff is merely regurgitating an argument that she already raised her Motion to Compel but failed to more fully develop at that time. *Compare* Doc. No. 9, pp. 4-8 *with* Doc. No. 1, p. 4 ("Furthermore, if the underlying matter does not resolve, the responses to this subpoena are relevant to conditional certification as well as the merits of Miller and the putative class members' FLSA claims."), p. 5 ("These requests are relevant and proportional to the needs of the underlying FLSA action."), and p. 6 ("There can be no doubt such information is relevant and proportional to this FLSA collective action.").

The second argument included in Plaintiff's Brief in Support, "Discovery of payroll data and timesheets of putative class members is appropriate for mediation," clearly falls within the category of arguments that were, or could have been, previously raised. *See* Doc. No. 9, pp. 8-9. Plaintiff articulated this contention on numerous occasions within her Motion to Compel. *See* Doc. No. 1, p. 1 (noting that the Court ordered the parties to resolve discovery disputes prior to the mediation deadline), p. 2 ("Indeed, System One outright refused to produce **any** information

7

related to the putative class members—the core information Miller and SGT need for their upcoming mediation. Therefore, Miller respectfully requests the Court compel production of the documents responsive to the [requests at issue.]") (emphasis in the original), and p.4 ("Indeed, this is far from the first time that System One has unsuccessfully refused to produce class data in response to a third-party subpoena in preparation for mediation.").  Again, Plaintiff's second argument fails to even contend reconsideration is justified based on the relevant standard of review.  Rather, she simply reiterates and expands on arguments previously made.  Further, the Court, in its March 5 Order, specifically found that "an upcoming mediation and an interest in early resolution of the case do not justify ordering a nonparty, at its own cost, to supply documents relevant only to potential future class members where Plaintiff, the only current class member, has yet to file a motion for conditional certification in the underlying action." *See* Doc. No. 7.  Plaintiff blatantly ignores this conclusion of the Court and fails to address it.

The third and fourth arguments included in Plaintiff's Brief in Support, "System One's merits-based arguments regarding Miller's classification as an independent contractor are premature" and "Miller is entitled to discovery of putative class members that signed arbitration agreements," fall within both categories.  That is, Plaintiff could have raised these arguments previously and, regardless, they are irrelevant to the Court's reconsideration analysis.  *See* Doc. No. 9, pp. 8-15.  Plaintiff was on notice, prior to filing her Motion to Compel, that System One was objecting to the Subpoena because, *inter alia*, Plaintiff's classification as an independent contractor and the arbitration agreements System One has with the workers about whom Plaintiff requests information.  *See* Doc. No. 1-3, pp. 7 ("Plaintiff, through her company, WMS, LLC, was an independent contractor to System One. […]  The workers whom System One supplied to SGT were employees, not independent contractors, of System One's.  Document Requests Nos.

8

1-5 and 7 therefore seek information on individuals who are not similarly situated to Plaintiff. The information is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence."); Doc. No. 1-3, pp. 7-8 ("[T]he workers with respect to whom Plaintiff requests information […] have arbitration agreements with System One that preclude those individuals from participating in a collective action against System One and any clients of System One's, including SGT."). Plaintiff should not be granted a second opportunity to make arguments that she could have made previously. *See In re Jager*, 597 B.R. at 806 ("A motion for reconsideration is not to be used to […] raise new arguments[.]"); *Reynolds*, 2019 WL 8128548, at *1 (denying reconsideration, stating the movant was "simply seeks a 'second bite at the apple' by asserting an argument that she could have made previously."); *Foster*, 2012 WL 2402895, at *4 ("Motions for reconsideration […] should not be used to advance additional arguments which could have been made by the movant before judgment."). Further, System One's arguments related to Plaintiff's status as an independent contractor and the existence of arbitration agreements were not bases on which the Court relied when denying Plaintiff's Motion to Compel. *See* Doc. No. 7.

The final argument included in Plaintiff's Brief in Support, "Miller did not make misrepresentations to the Court," has no relevance in this Court's reconsideration analysis. *See* Doc. No. 9, pp. 15-17. Rather, like Plaintiff's other contentions, this argument is simply an attempt to get this Court to second guess this Court's prior conclusions. *See Foster*, 2012 WL 2402895, at *6 ("[S]econd-guessing is not a proper basis for a motion to reconsider […] the court will not reconsider its earlier decision, which it already made (rightly or wrongly)."); *Health Robotics, LLC*, 2009 WL 10687717, at *2 (same).

IV.   <u>Conclusion</u>.

9

For the foregoing reasons, Plaintiff should not get a "second bite at the apple" and her Motion for Reconsideration should be denied.

Dated: April 6, 2020            Respectfully submitted,

/s/ Andrew J. Ruxton
Kurt A. Miller / Pa. I.D. No. 37850
Andrew J. Ruxton / Pa. I.D. No. 322818
Amy H. McCrossen / Pa. I.D. No. 327676
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
Telephone:  412/394-2363
Fax:  412/394-2555
*Attorneys for System One Holdings, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April 2020, **RESPONSE OF SYSTEM ONE HOLDINGS, LLC, TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 5, 2020 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA** was served on call counsel of record via the Electronic Case Filing System and electronic mail on the following persons:

Andrew W. Dunlap
Taylor A. Jones
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050 Houston, Texas 77046
adunlap@mybackwages.com
tjones@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500 Houston, Texas 77046
rburch@brucknerburch.com

Joshua P. Geist
Goodrich & Geist, P.C.
3634 California Ave. Pittsburgh, PA 15212
josh@goodrichandgeist.com

Steam Generating Team, LLC
c/o Joshua R. Adams
John W. Sulau
Chase T. Samples
William Stukenberg
joshua.adams@jacksonlewis.com
john.sulau@jacksonlewis.com
chase.samples@jacksonlewis.com
william.stukenberg@jacksonlewis.com

/s/ Andrew J. Ruxton
Andrew J. Ruxton