IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAM MILLER, Individually and on Behalf of Others Similarly Situated; | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | 2:20-mc-00234-RJC |
| THE STEAM GENERATING TEAM, LLC, | |
| Defendant, | |

**MEMORANDUM ORDER OF COURT**

Before the Court is Plaintiff's Motion for Reconsideration (ECF No. 8). Plaintiff asks this Court to reconsider its March 5, 2020 Order denying Plaintiff's Motion to Compel Compliance with Third Party Subpoena (ECF No. 1). Third Party System One Holdings, LLC ("System One") filed a Response (ECF No. 11) to Plaintiff's Motion for Reconsideration on April 6, 2020. This matter is now ripe for consideration. For the reasons discussed below, Plaintiff's Motion is granted.

Plaintiff argues that courts in this and other districts permit pre-conditional certification discovery, and that this Court's denial of Plaintiff's Motion on the basis that the Motion was premature warrants reconsideration. Mem. in Supp. 2-6, ECF No. 9. System One argues that Plaintiff simply raises arguments that she previously raised, or could have raised, by way of Plaintiff's Motion to Compel, and that Plaintiff has not set forth a sufficient basis for this Court to grant reconsideration. System One's Resp. to Mot. for Recons., ECF No. 11.

A court may reconsider a final order where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary

1

judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).  Review of interlocutory orders is subject to the less stringent standard provided by Federal Rule of Civil Procedure 54(b).  If the stricter standard for reconsideration of a final order is met then, logically, the lesser threshold for reconsideration of interlocutory orders is also met.  *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 298 (M.D. Pa. 2016).

This Court denied Plaintiff's Motion to Compel on the basis that the Motion was premature, as it primarily sought production based upon an upcoming mediation in the underlying action in the United States District Court for the Western District of North Carolina.  The Court found that the upcoming mediation, in the absence of a motion for conditional certification, did not justify the production sought from a nonparty.  Plaintiff's Motion to Compel, however, also raised the argument that the discovery sought would ultimately prove relevant to conditional certification if the matter did not resolve by way of mediation.  Pl.'s Mot. to Compel 4, ECF No. 1 ("Furthermore, if the underlying matter does not resolve, the responses to this subpoena are relevant to conditional certification as well as the merits of Miller and the putative class members' FLSA claims.").

As set forth in Plaintiff's Memorandum of Law in Support of her Motion for Reconsideration (ECF No. 9), district courts, including Third Circuit district courts, allow discovery of putative class member information prior to conditional certification.  *See Stillman v. Staples, Inc.*, No. 07-849 KSH, 2007 WL 7261450, at *1 n.1 (D.N.J. July 30, 2007) (permitting pre-conditional certification discovery of the names, addresses, positions, and titles of employees with the same or similar job duties as the plaintiff); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CIV. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (footnote omitted)

("While some district courts have exercised this discretion to deny pre-certification disclosure of contact information, the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases.") ; *Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494 (KM) (MAH), 2017 WL 1157859, at *4 (D.N.J. Mar. 28, 2017) ("At any rate, I note that a number of other courts have ordered the same or substantially similar discovery in the pre-conditional-certification stage.").[1]  Because pre-certification discovery such as the discovery requested by Plaintiff's Motion to Compel is permissible if the information sought is relevant and proportional to the needs of the case, this Court's denial of Plaintiff's Motion to Compel without due consideration of the discoverability of the information at issue and only on the basis that the Motion was premature constitutes a clear error of law.  For that reason, reconsideration is granted.  Accordingly, the Court will address the discoverability of the documents at issue below.

Fed. R. Civ. P. 26 provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] The Court notes that the cases cited by System One in support of its argument that pre-conditional certification discovery is premature do not stand for the proposition that all pre-conditional certification discovery is premature. *See Pontones v. San Jose Rest. Inc.*, No. 5:18-CV-219-D, 2019 WL 1548897, at *3 (E.D.N.C. Apr. 9, 2019) ("Defendants have provided Plaintiff with information relevant to the certification question, including a sample of payroll and time records, information related to the number of positions at each restaurant, and information about which restaurants use a tip pool and which do not."); *Levine v. Gunther Motor Co. of Plantation*, No. 10-61812-CIV, 2010 WL 5140590, at *3 (S.D. Fla. Dec. 9, 2010) (quoting *Knutson v. Blue Cross and Blue Shield of Minn.*, 254 F.R.D. 553, 557 (D.Minn.2008))  ("The *Knutson* Court recognized, as does this Court, that before class certification, a collective-action plaintiff may be entitled to discover employee contact information if he 'can show that such information is discoverable for some reason other than facilitating notice to potential plaintiffs.'"); *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *6 (E.D.N.Y. May 27, 2010) ("Plaintiff has not discussed the need for the requested information in light of the discovery already provided by defendant . . . .").

Fed. R. Civ. P. 26(b)(1). Where a nonparty serves objections to discovery sought by way of a subpoena, the party seeking discovery may move the court for the district where compliance is requested for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). As compliance is required in this District, Plaintiff's Motion to Compel is properly before this Court.

The underlying case in the United States District Court for the Western District of North Carolina is an FLSA collective action brought against Defendant, The Steam Generating Team, LLC ("SGT"). Plaintiff asserts that SGT failed to provide appropriate overtime compensation to Plaintiff and other putative class members. Pl.'s Mot. to Compel 5, ECF No. 1. In the underlying action, SGT avers that it was not the employer of Plaintiff or the putative class members because Plaintiff and the putative class members are independent contractors employed by third party staffing companies such as System One. Pl.'s Mot. to Compel Ex. 3 at 8; Pl.'s Mot. to Compel Ex. 4 at ¶ 5, ECF No. 1. System One entered into an agreement with Plaintiff's company, WMS, LLC, pursuant to which WMS, LLC agreed to provide services to System One's client, SGT. System One's Resp. to Mot. to Compel 2, ECF No. 6. During the timeframe relevant to this lawsuit, System One also assigned some of its employees to work at SGT locations. *Id*.

Plaintiff asserts that the discovery sought in her Motion to Compel is relevant to conditional certification. In determining whether an action may proceed as an FLSA collective action:

> Courts in our Circuit follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA. Applying a fairly lenient standard at the first step, the court makes a preliminary determination as to whether the named plaintiffs have made a modest factual showing that the employees identified in their complaint are similarly situated. If the plaintiffs have satisfied their burden, the court will "conditionally certify" the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. At the second stage, with the benefit of discovery, a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff. This step may be triggered by the plaintiffs' motion for "final certification," by the defendants' motion for "decertification," or, commonly, by

>both. If the plaintiffs succeed in carrying their heavier burden at this stage, the case may proceed on the merits as a collective action.

*Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 198–99 (W.D. Pa. 2014) (quoting *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir.2013)).  "A plaintiff's burden at the first tier is light, requiring only that the plaintiff make a 'modest factual showing' by 'produc[ing] some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees.'" *Dunkel,* 304 F.R.D. at 199 (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 195 (3d Cir.2011)).

Plaintiff asserts that System One is in possession of documents relevant to putative class members, specifically workers which System One assigned to perform work for SGT during the relevant timeframe, that SGT does not possess, including documents which reveal these workers' identities, compensation, and hours worked, as well as documents which set forth the relationship between System One and SGT.  The payroll information sought by Plaintiff is clearly relevant to the issue of whether Plaintiff and other individuals assigned to work for SGT were paid appropriate overtime compensation.  Further, this information will assist Plaintiff in determining whether the alleged compensation policy of SGT affected Plaintiff and other putative class members in the same manner, i.e. that the class is similarly situated.  The relationship between System One and SGT is also plainly relevant to the policy utilized by SGT to compensate individuals assigned by System One to work for SGT.  For these reasons, the information sought is relevant to conditional certification.

System One argues that Plaintiff's proposed discovery is premature because a class has yet to be conditionally certified in the underlying matter. Resp. to Mot. to Compel 7-10, ECF No. 6. For the reasons discussed above regarding pre-conditional certification discovery, the Motion to

5

Compel is not premature. System One further argues that production of the discovery requested is not warranted because the individuals at issue are not similarly situated to Plaintiff and thus cannot be members of the class, principally because Plaintiff is not a System One employee and because the individuals at issue are System One employees who are precluded from pursuing collective relief against SGT by arbitration agreements that do not similarly preclude Plaintiff's claims. Resp. to Mot. to Compel 5-7, ECF No. 6. This issue, however, is more appropriately addressed at the conditional certification stage, and not at the pre-certification discovery stage. *See Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494 (KM) (MAH), 2017 WL 1157859, at *2 (D.N.J. Mar. 28, 2017) ("That argument, however, begs a fundamental question: Are the members of the proposed class similarly situated to Thompson? Defendants are saying in effect that discovery is inappropriate now because (after discovery, presumably?) they will defeat a motion to certify a class later. Perhaps so, or perhaps not. Either way, I will not give what amounts to a preliminary, or even preemptive, ruling on the certification motions.").

The information sought by Plaintiff's Subpoena is clearly relevant to conditional certification, and is, for the most part, proportional to the needs of the case. While the Court acknowledges the privacy concerns raised by System One, the identifying information sought by Document Request Nos. 1 – 5 has consistently been compelled by district courts prior to conditional certification. *See Stillman v. Staples, Inc.*, No. CIV.A. 07-849 KSH, 2007 WL 7261450, at *1 n.1 (D.N.J. July 30, 2007); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CIV. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010); *Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494 (KM) (MAH), 2017 WL 1157859, at *4 (D.N.J. Mar. 28, 2017). The Court finds, however, that Plaintiff has not set forth a sufficient explanation as to why Document Request No. 7, which requests putative class members' entire personnel files, is relevant or

proportional to the needs of the case.  Plaintiff's Subpoena does not define "personnel files," and the Court will thus sustain System One's privacy objection to Document Request No. 7.

Plaintiff's Motion to Compel is not premature, and it seeks information which is relevant to conditional certification and proportional to the needs of the case.  Moreover, System One's argument regarding whether the putative class members are similarly situated to Plaintiff is more properly addressed at the conditional certification stage.  Accordingly, it is hereby ORDERED as follows:

Plaintiff's Motion for Reconsideration (ECF No. 8) is granted.  Upon consideration of Plaintiff's Motion to Compel Compliance with Third Party Subpoena (ECF No. 1), and for the reasons discussed above, it is hereby ORDERED that the Motion to Compel is granted in part and denied in part.  The Motion is granted with respect to Document Request Nos. 1 – 6, and System One's objections to Document Request Nos. 1 – 6 are overruled.  Plaintiff's Motion is denied as to Document Request No. 7, and System One's objection to Document Request No. 7 asserting privacy concerns is sustained.  System One shall, within thirty (30) days of this Order, provide responses to Document Request Nos. 1 – 6.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: April 10, 2020

cc/ecf: All counsel of record

System One Holdings, LLC
c/o Kurt A. Miller
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219